**Raymond HENDERSON, Petitioner–Appellant,**

v.

**Anthony LA MARQUE, Warden, Respondent–Appellee.**

No. 02–17058.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 2003.

Decided Oct. 30, 2003.

As Amended on Denial of Rehearing and Suggestion for Rehearing En Banc Dec. 17, 2003.

Raymond Henderson, pro se, First District Appellate Project, Mark Shenfield, Esq., San Francisco, CA, for Petitioner-Appellant.

Gregory A. Ott, AGCA–Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: HALL, O'SCANNLAIN, and LEAVY, Circuit Judges.

MEMORANDUM*

Henderson appeals the district court's denial of his petition for a writ of habeas corpus. Because the relevant facts are known to the parties they are here repeated only as needed.

I

■ Henderson first claims that both the prosecutor and defense counsel impermissibly struck jurors from the venire on the basis of race and gender. Applying–as did the district court–the three-part test

from *Batson v. Kentucky,* 476 U.S. 79, 96–97, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), we conclude that the prosecutor offered legitimate, neutral justifications for striking three of the jurors. The trial court in this case carefully considered these justifications and found them to be genuine. Moreover, the prosecutor's justifications have been deemed valid by both California and federal courts. The trial court's conclusion can be reversed only if it was clearly erroneous. *See McClain v. Prunty,* 217 F.3d 1209, 1220 (9th Cir.2000). And because we review this petition under the standard prescribed by 28 U.S.C. § 2254(d)(1) ("AEDPA"), Henderson's claim can only succeed if the state court's decision was "objectively unreasonable." *See Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 1174–75, 155 L.Ed.2d 144 (2003). We agree with the district court's ruling that the trial court's conclusions were neither clearly erroneous nor objectively unreasonable.

■ With regard to Henderson's claim that a fourth juror, Louise Toboroff, was struck because of her gender, we do not agree with the district court that this claim was waived because no person-specific *Batson* objection was made at trial. Under California law, a *Batson* objection to a pattern of discriminatory challenges is timely if made before jury impanelment is completed; the general objection relates back to jurors dismissed earlier in the jury selection process. *See People v. McDermott,* 28 Cal.4th 946, 969, 123 Cal.Rptr.2d 654, 51 P.3d 874 (2002); *see also United States v. Thompson,* 827 F.2d 1254, 1257 (9th Cir.1987) (permitting objection raised after jury was sworn because it "might not have been apparent until the jury was

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

selected, so the objection could not, in any case, have been raised much earlier").

Even though Henderson's objection to Toboroff was timely, however, the California Supreme Court has not further required prosecutors to provide individual neutral justifications for jurors included in the general objection. *See McDermott*, 28 Cal.4th at 980, 123 Cal.Rptr.2d 654, 51 P.3d 874 ("Although we agree that it is generally preferable to have individual reasons and individual findings for each challenged juror, we have never required them."). Moreover, because Henderson's claim is a novel one under federal law, it was not "objectively unreasonable" for the California Court of Appeal to conclude that the prosecutor was not required to offer a gender-neutral justification for Toboroff's exclusion in the absence of a person-specific objection. *See* 28 U.S.C. § 2254(d)(1); *Andrade*, 123 S.Ct. at 1174–75. And the trial court's ultimate determination under the third step of the *Batson* inquiry that Henderson had not established purposeful discrimination by the prosecution is a factual finding presumed correct unless rebutted by clear and convincing evidence under AEDPA. *See* 28 U.S.C. § 2254(e)(1); *Purkett v. Elem*, 514 U.S. 765, 769, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995) (purposeful discrimination inquiry under *Batson* results in a factual finding by state trial court). Henderson has not proffered such evidence of purposeful discrimination.

■ Henderson's argument that his defense counsel's exercise of peremptory challenges violated *Batson* must also fail. In this case, the issue was not preserved for appeal because the prosecutor withdrew her *Batson* motions without objection from defense counsel. And even had these objections been preserved, there is no clearly established Supreme Court precedent holding that a defense counsel's *Bat-*

*son* violations warrant reversal of a conviction. The authority cited by Henderson, *Georgia v. McCollum*, 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992), stands only for the proposition that prosecutors may assert a *Batson* challenge to a defense counsel's use of peremptory challenges. *Id.* at 56. But *McCollum* does not discuss the potential remedy for a defense counsel's *Batson* violation, and thus cannot be said to have clearly established that any such violation warrants a new trial. Because AEDPA's standard of review controls here, this claim fails because the trial court's conclusion did not involve an unreasonable application of "clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

II

■ Henderson next alleges prosecutorial misconduct. At trial, Henderson claimed that he fled from officers because he believed that he was subject to an outstanding parole warrant. In her closing argument, the prosecutor referred to the fact that no evidence had been introduced regarding the existence of this warrant. Even assuming that this remark was somehow improper, we conclude that it does not rise to the level of misconduct constituting a due process violation. The trial court interrupted the prosecutor at the behest of defense counsel before she completed the offending remark, and later instructed the jury not to consider statements of counsel as evidence. In light of the significant evidence of Henderson's guilt presented to the jury, the prosecutor's comment cannot be said to have "so infected the trial with unfairness as to make the resultant conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). We therefore affirm the district court's conclusion that Henderson

was not unfairly prejudiced by the prosecutor's comments.

### III

Finally, Henderson claims that his trial counsel was ineffective. We disagree. Henderson has not demonstrated prejudice from either his trial counsel's allegedly improper use of peremptory challenges or his failure to stipulate to the element of intent in order to prevent the introduction of other crimes evidence. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). And trial counsel's choice not to introduce evidence of an outstanding parole warrant was a reasonable tactical decision that cannot be the basis for an ineffective assistance of counsel claim. *See Hensley v. Crist,* 67 F.3d 181, 185 (9th Cir.1995).

For the foregoing reasons, the district court's denial of Henderson's petition is AFFIRMED.